UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE LUIS GONZALEZ,

Petitioner,

v. Case No.: 3:26-cv-1886-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.
_____________________________________/

**ORDER**

Petitioner Jose Luis Gonzalez, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on July 24, 2026. Gonzalez, a citizen of Cuba, alleges that United States Immigration and Customs Enforcement (ICE) detained him on April 12, 2026. Doc. 1-1 at 1. An immigration judge then entered a final order of removal against him on May 6, 2026. Id. In the Petition, Gonzalez asks the Court to "determine whether his continued detention remains authorized under 8 U.S.C. § 1231 and consistent with the Due Process Clause of the Fifth Amendment." Id. He also requests an "individualized review" of his custody. Id.

First, to the extent Gonzalez argues he is entitled to a bond hearing under 8 U.S.C. § 1226, his claim is without merit. Gonzalez is subject to a final

order of removal. Therefore, he is detained pursuant to 8 U.S.C. § 1231, not § 1225 or § 1226, and he is not entitled to a bond hearing at this time. See 8 U.S.C. 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); see also De La Teja v. United States, 321 F.3d 1357, 1363 (11th Cir. 2003) ("Because a final removal order has been entered, [petitioner] is no longer being detained pursuant to § 1226(c), which governs only detention prior to a final removal order. Instead, he is being detained now pursuant to a wholly different statute, . . . 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal.").

Second, insofar as Gonzalez raises a claim pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), it is premature. In Zadvydas, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Id. at 690. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the

reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Here, Gonzalez's removal order became final, and his removal period began to run, on May 6, 2026. Thus, his claim under Zadvydas is not yet ripe, and the Petition is premature. Should he wish to file a new petition, Gonzalez must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Gonzalez must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1. Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Gonzalez a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** in Jacksonville, Florida, on this 22nd day of September, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/22
c:
Jose David Luis Gonzalez, #A074129322